Erika A. Heath (SBN 304683)
erika@duckworthpeters.com
DUCKWORTH & PETERS, LLP
369 Pine Street, Suite 410
San Francisco, California 94104
Tel: (415) 433-0333
Fax: (415) 449-6556

*Attorney for Plaintiff and the proposed Classes*

*Additional attorneys on signature page.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**LUIS ARMANDO GONZALEZ-TORRES**,
on behalf of himself and all others similarly situated,

    *Plaintiff,*

v.

**ZUMPER, INC.**,

    *Defendant.*

Case No.  3:19-cv-2183

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**(1) 15 U.S.C. § 1681e(b)**
**(2) Cal. Civ. Code § 1785.14(b)**
**(3) 15 U.S.C. § 1681i(a)(1)(A)**
**(4) Cal. Civ. Code § 1785.16(a)**
**(5) 15 U.S.C. § 1681j(f)**
**(6) 15 U.S.C. § 1681g(a)(2)**
**(7) Cal. Civ. Code § 1785.18(a)**

NOW COMES the Plaintiff, LUIS ARMANDO GONZALEZ-TORRES, by and through his undersigned attorneys, suing on behalf of himself and all other similarly situated, and for his complaint against the Defendant, ZUMPER, INC., states as follows:

### I.    PRELIMINARY STATEMENT

1.    Plaintiff brings this class action against Defendant Zumper, Inc. under California and federal law, seeking redress for Defendant's unlawful credit reporting practices.

2.    Specifically, this case arises out of Defendant's systematic reporting of grossly inaccurate and highly derogatory information about consumers to third parties, namely potential landlords, its woefully inadequate capabilities to process consumer disputes of the inaccurate

information it reports about them, and its overcharging of consumers for copies of that information, all of which causes widespread harm to consumers such as Plaintiff.

3.      Plaintiff thus brings claims under the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE §§ 1785.1-1785.36, and the California Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200-17210.

## II.      JURISDICTION *and* VENUE

4.      This Court's jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681n and 1681o.

5.      Supplemental jurisdiction exists for Plaintiff's state law claim under 28 U.S.C. § 1367.

6.      Venue lies properly in this District pursuant to 28 U.S.C. §1391(b).  Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in San Francisco County.

## III.      *The* PARTIES

7.      Plaintiff LUIS ARMANDO GONZALEZ-TORRES ("Plaintiff"), is an adult individual. At all relevant times, Plaintiff was a "consumer" as defined by FCRA section 1681a(c) and CCRAA section 1785.3(b).

8.      Defendant ZUMPER, INC., ("Zumper") is a business entity which maintains its principal place of business in San Francisco, California. At all relevant times, Zumper was a "person" as defined by FCRA section 1681a(b) and CCRAA section 1785.3(j).

## IV.      FACTUAL ALLEGATIONS

### A.      *Zumper's Business Practices*

9.      Advertising itself as "the easiest way to search for apartments for rent," Zumper purports to be "the first rental marketplace where [consumers] can search for and rent an apartment on [its] end-to-end platform," that helps consumers "find sweet deals on apartments and houses for rent in [the] most popular locations."

CLASS ACTION COMPLAINT

10.     Zumper provides apartment listings from across the United States that consumers may browse on its website and via its smartphone applications.

11.     The Zumper platform also provides tenant screening services through which listing agents, realtors, or landlords can screen potential tenants.

12.     If a consumer finds an apartment or house for which he or she would like to apply to rent, Zumper requires the consumer to create a "rental application."

13.     Akin to a social media profile or online shopping account, a Zumper rental application is a collection of personal information concerning a given consumer that Zumper stores "for when [a consumer is] ready to apply to that perfect apartment."

14.     A Zumper rental application includes "a copy of [the applicant's] consumer credit report and score, as well as reports of background investigations regarding [the applicant's] criminal and eviction history as each relates to [the applicant's] suitability as a tenant."

15.     Zumper calls this collection of consumer information a "Zumper Screen" report.

16.     For a fee, Zumper compiles the consumer's rental application, including the Zumper Screen report, and provides it to relator, listing agent, or landlord from whom the consumer wishes to lease a residential property.

17.     Upon information and belief, Zumper charges prospective tenants $30 to prepare a Zumper Screen report in connection with a rental application.

18.     Upon information and belief, Zumper obtains the public record information it includes in Zumper Screen reports, including, but not limited to criminal and eviction litigation records, from private third-party vendors.

B.     *Zumper's Duties Under the FCRA and CCRAA*

19.     Zumper Screen reports are "consumer reports" as defined by FCRA section 1681a(d) and "consumer credit reports" as defined by CCRAA section 1785.3(c) because they include information bearing on a consumer's character, general reputation, personal

CLASS ACTION COMPLAINT

1    characteristics and mode of living and are used for residential leasing purposes.[1]

2    20.    Zumper knows that its Zumper Screen reports are expected to be used, and are in

3    fact used, in connection with eligibility determinations for residential rental opportunities.

4    21.    As such, Zumper is a "consumer reporting agency" as defined by FCRA section

5    1681a(f) and a "consumer credit reporting agency" as defined by CCRAA section 1785.3(d)

6    (hereinafter "CRA").[2]

7    22.    Zumper is thus regulated by the FCRA and CCRAA, which have a stated purpose

8    of insuring "that consumer reporting agencies exercise their grave responsibilities with fairness,

9    impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4); CAL.

10    CIV. CODE § 1785.1(c).

11    23.    In furtherance of that goal, the FCRA and CCRAA require CRAs, whenever they

12    prepare consumer reports, to "follow reasonable procedures to assure maximum possible

13    accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.

14    § 1681e(b); CAL. CIV. CODE § 1785.14(b).

15    24.    If a consumer disputes "the completeness or accuracy of any item of information

16    contained in [his or her] file," the FCRA requires CRAs to, "free of charge, conduct a reasonable

17    reinvestigation to determine whether the disputed information is inaccurate and record the current

18    status of the disputed information, or delete the item from the file . . . before the end of the 30-

19    day period beginning on the date on which the agency receives the notice of the dispute[.]"

20    15 U.S.C. § 1681i(a)(1).

21    25.    The analogous CCRAA provision is practically identical: "If the completeness or

22    accuracy of any item of information contained in his or her file is disputed by a consumer," the

23    CRA must, "within a reasonable period of time and without charge, reinvestigate and record the

24

---

25    [1]    The definitions of "consumer report" under the FCRA and "consumer credit report" under the

26    CCRAA are identical for purposes relevant to Plaintiff claims. Thus, "consumer report" is used throughout the remainder of the Complaint.

27    [2]    Similarly, "CRA" is used throughout the remainder of the Complaint to mean both "consumer

28    reporting agency" for purposes of the FCRA and "consumer credit reporting agency" for purposes of the CCRAA.

current status of the disputed information before the end of the 30-business-day period beginning on the date the agency receives notice of the dispute from the consumer." CAL. CIV. CODE § 1785.16(a).

26.     These provisions allow consumers to dispute and have corrected inaccurate or incomplete information that can negatively affect their ability to obtain credit, insurance, employment or, relevant to this matter, rental housing.

27.     Additionally, the CCRAA requires that each time a CRA reports public record information about a consumer, the report must specify the source from which the CRA obtained the information. CAL. CIV. CODE § 1785.18(a).

28.     Public record source information allows consumers to get to the root of errors on consumer reports prepared about them and is particularly important when the source is a third-party vendor with whom an error may have originated. Disclosure of the source allows consumers to correct the error with the vendor directly, thereby preventing the vendor from disseminating the same erroneous information to other CRAs or third parties.

29.     Additionally, CRAs must, upon a consumer's request, clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request[.]" 15 U.S.C. § 1681g(a)(1).

30.     The FCRA regulates how much a CRA may charge a consumer to provide a copy of his or her file. 15 U.S.C. 1681j(f).

31.     At all relevant times, the maximum amount a CRA could charge a consumer for a copy of his or her file was $12.00. *See* 82 Fed. Reg. 53481.

32.     Nonetheless, and despite the clear statutory language above, Zumper does not follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepares, does not conduct reasonable reinvestigations into disputed information, does not specify the true source(s) of the public record information included on consumer reports, and charges consumers amounts in excess of the statutory cap for copies of all of the information it maintains and reports about them.

CLASS ACTION COMPLAINT

C.    *The Experience of the Representative Plaintiff*

33.    In early 2018, Plaintiff was looking to rent a home for himself, his wife, and his children and engaged the assistance of a listing agent to find one that met his family's needs.

34.    On or about February 12, 2018, Plaintiff received an email from a listing agent regarding homes that met his criteria and how he would go about applying to rent them.

35.    The listing agent's email explained that to be considered for a lease, Plaintiff would have to provide a credit report and background check. The agent provided a link to Zumper's website.

36.    Thereafter, Plaintiff went to Zumper's website and created a rental application.

37.    On or about February 27, 2018, Plaintiff submitted an application for a residential lease through the Zumper platform, which included a Zumper Screen report.

38.    Zumper charged Plaintiff $30 in connection with his rental application submission, including the preparation of a Zumper Screen report, which he paid by credit card.

39.    Zumper then prepared a Zumper Screen report about Plaintiff and provided it to the listing agent along with the rest of Plaintiff's rental application.

40.    In addition to conventional credit history information, the February 27, 2018 Zumper Screen report contained and erroneously attributed to Plaintiff certain public record information pertaining to the criminal history of one Luis Raymond Gonzalez.

41.    The February 27, 2018 Zumper Screen report stated that that public record criminal information included in the report "Is Based Upon Information Received By The Administrative Office Of Pennsylvania Courts."

42.    Zumper obtained the public record information it included in the February 27, 2018 Zumper Screen report from a third-party vendor, not from the Administrative Office of Pennsylvania Courts.

43.    The public record information grossly disparaged Plaintiff, erroneously associating him with 11 different criminal offenses that ranged from traffic-related ordinance violations to felony convictions for violence and drug-related crimes.

CLASS ACTION COMPLAINT

44.     Upon information and belief, Zumper allowed and/or used very loose matching criteria to determine whether to include criminal information pertaining to a stranger, with a different name, social security number, and different residential address in Plaintiff's Zumper Screen report. The criminal offenses also came from Pennsylvania, to which Plaintiff has never travelled. Any rudimentary cross-referencing procedure, matching criteria, or inspection of the data Plaintiff himself had provided in his rental application would have revealed the inaccuracies and inconsistencies in the data.

45.     Plaintiff's rental application was denied on the same day Zumper prepared its Zumper Screen report about him.

46.     The listing agent told Plaintiff that existence of the criminal records on the Zumper Screen report was a substantial factor for the denial.

47.     However, Plaintiff was unable to view the Zumper Screen report that Zumper had prepared for the listing agent.

48.     Upset and embarrassed, Plaintiff emailed Zumper on the afternoon of February 27, 2018. In relevant part, Plaintiff stated that, "I lost the opportunity to rent a house for my family because your background/ criminal check is totally wrong. It says I have felonies in Pennsylvania and I have not been in Pennsylvania NEVER in my life. I even have not received a speed ticket in USA."

49.     A Zumper employee or agent, one Nicole C., responded to Plaintiff's dispute, stating that Plaintiff would have to "share [his] reports" via a specific link to "get the dispute process started."

50.     When Plaintiff followed the link Nicole C. had provided, the Zumper platform prompted him to pay an additional $20 to obtain his Zumper Screen report.

51.     Plaintiff had to email Nicole C. a second time and wait for her to make his Zumper Screen report available before he could review the information in it.

52.     Plaintiff reviewed the Zumper Screen report and immediately noticed the erroneous association of Luis R. Gonzalez with him. He wrote to Nicole C. that, "the problem is that it shows felonies from Luis Raymond Gonzalez from Pennsylvania and not me. My name is

Luis Armando Gonzalez Torres and I have live all my life in Puerto Rico, and not in Pennsylvania. Right now I'm in Florida trying to make a life with my family and this error took me from getting a house for us."

53.    Nicole C. responded, in relevant part, as follows:

Hi Luiz (*sic*),

Please find a copy of the reports attached.

Any information on the reports that is incorrect, please respond to this email with a brief statement on why the information is incorrect, and any supporting documentation that you may have. They will also require the following items to fully dispute:

- SSN
- Address
- Copy of driver's license

I'll promptly file a dispute with our 3rd party data provider upon receiving this information.

Please allow us 30-60 days while our 3rd party data provider conducts an investigation on your reports. Sometimes we will see resolutions sooner, and will notify you as soon as we receive updated information.

In the meantime, if your landlord needs to make a quick decision about your application, we suggest you provide ample references for them to contact.

54.    On March 5, 2018, having heard nothing from Nicole C. or any other Zumper agent or employee, Plaintiff emailed Nicole C. again, in relevant part, as follows:

This is a follow-up to your previous request . . . The whole ZumperScreen is incorrect. The delinquent name is Luis Raymondo Gonzales, and that's not my name. How can you damage a reputation so bad with a so clear mistake? My name is Luis Armando Gonzalez Torres and I haven't been in Pennsylvania in my whole life.

55.    On March 6, 2018, Nicole C. responded, noting that, "[Zumper] partner[s] with another company to pull information from public records provided on the reports. As I mentioned, I have filed a dispute with them on your behalf and expect to hear back from them within the next week."

56.    Plaintiff asked Nicole C. for the name of the third-party company, but Nicole C. did not tell him, responding merely, "Please allow us 30-60 days while our 3rd party data provider conducts an investigation on your reports."

CLASS ACTION COMPLAINT

57.     By March 22, 2018, Plaintiff had still not received any response to his dispute of the erroneous information on the February 27, 2018 Zumper Screen report so he wrote a letter to Zumper disputing the inaccurate criminal information.

58.     On May 10, 2018, Plaintiff received a response from Zumper in the form of an updated Zumper Screen report.

59.     All 11 of the erroneously attributed criminal records that Plaintiff had disputed were once again included in the May 10, 2018 ZumperScreen report.

60.     Still in need of rent a home, Plaintiff determined to submit another rental application to the listing agent, hopeful that Zumper had removed the criminal records information that it had erroneously associated with him on February 27, 2018 and May 10, 2018.

61.     On July 11, 2018, Zumper prepared a rental application that included a Zumper Screen report about Plaintiff and provided it to the listing agent.

62.     Plaintiff paid an additional $30 for Zumper to send his rental application and ZumperScreen report to the listing agent.

63.     Once again, all 11 of the erroneously attributed criminal records that Plaintiff had disputed were—*for the third time*—included in the July 11, 2018 ZumperScreen report.

64.     After reviewing the July 11, 2018 Zumper Screen report, the listing agent advised Plaintiff as follows:

> In my opinion, with all those records in your report you have no chance to be granted by any HOA with a Letter of Approval after submitted the tenant application. Anyway if you would like to apply despite what I recommended, you are free to do it, just consider that each tenant application have a fee cost and it could make difficult to apply in a next time for other rental property in same community. So please do not spread or disclosure this report around because can harm your possibilities.

65.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

CLASS ACTION COMPLAINT

66.     At all relevant times, Zumper was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under Zumper's direct supervision and control.

67.     At all relevant times, Zumper's conduct, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal and state law and the rights of the Plaintiff herein.

68.     At all relevant times, Zumper's conduct as alleged within caused substantial harm to consumers, including consumers within the State of California.

## V.      CLASS ACTION ALLEGATIONS

69.     Plaintiff brings this action on behalf of the following Classes:

### A.      *Reasonable Procedures Class*

During the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment, all individuals about whom Zumper prepared a Zumper Screen report that contained an item of public record information with a middle name or middle initial that was not the middle name or middle initial of the individual who was the subject of the Zumper Screen report.

### B.      *Failure to Reinvestigate Class*

During the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment, all individuals who disputed an item of information in a Zumper Screen report prepared about them, who did not provide any additional information to Zumper concerning the dispute after giving initial notice of the dispute to Zumper, and for whom Zumper has no record of sending dispute reinvestigation results or notice of deletion of the disputed item within 30 days of its receipt of the notice of the dispute.

### C.      *Failure to Reinvestigate, Injunctive Relief Class*

During the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment, all individuals who disputed an item of information in a Zumper Screen report prepared about them, who did not provide any additional information to Zumper concerning the dispute after giving initial notice of the dispute to Zumper, and for whom Zumper has no record of sending dispute reinvestigation results or notice of deletion of the disputed item within 30 business days of its receipt of the dispute.

### D.      *Overcharging Class*

During the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment, individuals from whom Zumper collected

a fee in connection with a screening report request which exceeded the maximum allowable disclosure charge listed in 84 FED. REG. 517.

### E.    *Public Record Source Disclosure Class*

During the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of judgment, all individuals who made an application that contained a Zumper Screen report that contained public record information and did not identify Zumper's private, third-party vendor as a source of the public record information.

70.    The members of the Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Zumper, Plaintiff avers upon information and belief that the Classes number in the hundreds, if not thousands.

71.    There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern the following:

A.    Whether Zumper violated FCRA section 1681e(b);

B.    Whether Zumper violated CCRAA section 1785.14(b);

C.    Whether Zumper violated FCRA section 1681i(a)(1)(A);

D.    Whether Zumper violated CCRAA section 1785.16(a);

E.    Whether Zumper violated FCRA section 1681j(f);

F.    Whether Zumper violated FCRA section 1681g(a)(2);

G.    Whether Zumper violated CCRAA section 1785.18(a); and

H.    Whether Zumper's conduct was willful.

72.    Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

73.    Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

74.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or

varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

75.     Whether Zumper violated the FCRA and/or the CCRAA can be determined by examination of Zumper's policies and procedures and performing a ministerial inspection of Zumper's business records.

## VI.     CLAIMS *for* RELIEF

### COUNT I

### Violation of the Fair Credit Reporting Act
15 U.S.C. § 1681e(b)

*On Behalf of Plaintiff and the Reasonable Procedures Class*

76.     Plaintiff incorporates the above paragraphs as though set forth at length herein.

77.     As alleged above, Zumper negligently and willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff and members of the Reasonable Procedures Class when it prepared Zumper Screen reports about them.

78.     Pursuant to FCRA sections 1681n and 1681o, Zumper is liable to Plaintiff and the members of the Reasonable Procedures Class for the relief sought herein.

### COUNT II

### Violation of the California Consumer Credit Reporting Agencies Act
CAL. CIV. CODE § 1785.14(b)

*On Behalf of Plaintiff and the Reasonable Procedures Class*

79.     Plaintiff incorporates the above paragraphs as though set forth at length herein.

80.     As alleged above, Zumper negligently and willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff and members of the California Reasonable Procedures Class when it prepared Zumper Screen reports about them.

81.   Pursuant to CCRAA section 1785.31(a), Zumper is liable to Plaintiff and the members of the Reasonable Procedures Class for the relief sought herein.

## COUNT III

### Violation of the Fair Credit Reporting Act
15 U.S.C. § 1681i(a)(1)(A)

*On Behalf of Plaintiff and the Failure to Reinvestigate Class*

82.   Plaintiff incorporates the above paragraphs as though set forth at length herein.

83.   As alleged above, Zumper negligently and willfully failed to conduct a reasonable reinvestigation to determine whether items of information disputed by Plaintiff and members of the Failure to Reinvestigate Class was inaccurate and record the current status of the disputed information, or delete the disputed item, before the end of the 30-day period beginning on the date on which Zumper received notice of the dispute.

84.   Pursuant to FCRA sections 1681n and 1681o, Zumper is liable to Plaintiff and the members of the Failure to Reinvestigate Class for the relief sought herein.

## COUNT IV

### Violation of the California Consumer Credit Reporting Agencies Act
Cal. Civ. Code § 1785.16(a)

*On Behalf of Plaintiff and the Failure to Reinvestigate, Injunctive Relief Class*

85.   Plaintiff incorporates the above paragraphs as though set forth at length herein.

86.   As alleged above, Zumper negligently and willfully failed to reinvestigate and record the current status of items of information disputed by Plaintiff and members of the Failure to Reinvestigate, Injunctive Relief Class or to add, correct, or delete that information from those consumers' files before the end of the 30-business-day period beginning on the date Zumper received notice of the dispute.

87.   Pursuant to CCRAA section 1785.31(a), Zumper is liable to Plaintiff and the members of the Failure to Reinvestigate, Injunctive Relief Class for the relief sought herein.

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT V

### Violation of the Fair Credit Reporting Act
15 U.S.C. § 1681j(f)

*On Behalf of Plaintiff and the Overcharging Class*

88.     Plaintiff incorporates the above paragraphs as though set forth at length herein.

89.     As alleged above, Zumper negligently and willfully violated FCRA section 1681j(f) when it charged Plaintiff and members of the Overcharging Class more than the maximum allowable disclosure charge set forth in applicable federal regulations to disclose all the information in those consumer's Zumper file.

90.     Pursuant to FCRA sections 1681n and 1681o, Zumper is liable to Plaintiff and the members of the Overcharging Class for the relief sought herein.

## COUNT VI

### Violation of the Fair Credit Reporting Act
15 U.S.C. § 1681g(a)(2)

*On Behalf of Plaintiff and the Public Records Source Disclosure Class*

91.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

92.     As alleged above, Zumper negligently and willfully violated FCRA section 1681g(a)(2) when it failed to disclose to Plaintiff and members of the Public Records Source Disclosure Class the source(s), including its third-party public records data vendor, to those consumers who requested all the information in their Zumper file.

93.     Pursuant to FCRA sections 1681n and 1681o, Zumper is liable to Plaintiff and the members of the Public Records Source Disclosure Class for the relief sought herein.

## COUNT VII

### Violation of the California Consumer Credit Reporting Agencies Act
CAL. CIV. CODE § 1785.18(a)

*On behalf of Plaintiff and the Public Records Source Disclosure Class*

94.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

CLASS ACTION COMPLAINT

95.     As alleged above, Zumper negligently and willfully violated CCRAA section 1785.18(a) when it failed to disclose to Plaintiff and members of the Public Records Source Disclosure Class the source(s) of public record information included in Zumper Screen reports prepared about them.

96.     Pursuant to CCRAA section 1785.31, Zumper is liable Plaintiff and the members of the Public Records Source Disclosure Class for the relief sought herein.

## VII.   PRAYER *for* RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in favor of Plaintiff and the Classes defined herein and against Zumper, granting the following:

A.     Pursuant to FED. R. CIV. P. 23, certifying the Classes defined herein and appointing Plaintiff and his counsel to represent them;

B.     Pursuant to CAL. CIV. CODE § 1785.31(a) and (c), awarding actual and punitive damages to Plaintiff and members of the eligible Classes;

C.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, awarding actual, statutory, and punitive damages to Plaintiff and members of the eligible Classes;

D.     Pursuant to CAL. CIV. CODE § 1785.31(b), enjoining Zumper from charging consumers more than the applicable maximum allowable disclosure charge for all information in their Zumper file;

E.     Pursuant to CAL. CIV. CODE § 1785.31(b), enjoining Zumper from selling consumer reports that do not include the source(s) from which public record information in the reports was obtained;

F.     Pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) and CAL. CIV. CODE § 1785.31(d), awarding costs and reasonable attorney's fees to Plaintiff's counsel herein; and

G.     Granting such other and further relief as may be just and proper.

//
//

CLASS ACTION COMPLAINT

1

2  Dated:      April 23, 2019                    **LUIS ARMANDO GONZALEZ-TORRES**,
by his attorneys,

3                                               */s/Erika A. Heath*
Erika A. Heath (SBN 304683)
4                                               erika@duckworthpeters.com
DUCKWORTH & PETERS, LLP
5                                               369 Pine Street, Suite 410
San Francisco, California 94104
6                                               Tel: (415) 433-0333
Fax: (415) 449-6556
7

8                                               Samira Ghazal*
LAW OFFICES OF SAMIRA GHAZAL, P.A.
9                                               1900 SW 3rd Avenue
Miami, FL 33129
10                                              T: 305-860-1221
samira@samiraghazal.com
11

12                                              Justin M. Baxter*
BAXTER & BAXTER, LLP
13                                              8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
14                                              T: (503) 297-9031
F: (503) 291-9172
15                                              justin@baxterlaw.com

16                                              James A. Francis*
John Soumilas*
17                                              FRANCIS & MAILMAN, P.C.
1600 Market Street, Suite 2510
18                                              Philadelphia, PA 19103
T: (215) 735-8600
19                                              F: (215) 940-8000
jfrancis@consumerlawfirm.com
20                                              jsoumilas@consumerlawfirm.com
21

22                                              *Attorneys for Plaintiff and the Classes*

23                                              *petition to appear pro hac vice forthcoming

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## JURY DEMAND

2
Plaintiff demands a jury trial on all issues.

3

4  Dated: April 23, 2019                **DUCKWORTH & PETERS, LLP**

5                                        By:    */s/ Erika Heath*

6                                               Erika A. Heath
                                                Attorney for Plaintiff and the Classes

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT