United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS ARMANDO GONZALEZ-TORRES,
　　　　　　　　Plaintiff,

　　v.

ZUMPER, INC.,
　　　　　　　　Defendant.

Case No. 19-cv-02183-PJH

**ORDER**

Re: Dkt. No. 26

On July 1, 2019, plaintiff Luis Armando Gonzalez-Torres filed an administrative motion to order discovery, stay initial case deadlines, and extend his deadline to file an opposition to defendant's motion to compel arbitration. Dkt. 26. Defendant Zumper, Inc. ("Zumper") filed an opposition on July 5, 2019. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

On April 23, 2019, Gonzalez-Torres filed a class-action complaint against Zumper, stating seven causes of action. Compl., Dkt. 1. Zumper operates a website that enables prospective renters to apply for apartment rentals, and landlords to evaluate prospective tenants. Plaintiff used the website as a prospective renter looking for an apartment. In brief, plaintiff alleges that he submitted a rental application using Zumper, and thereafter Zumper published a report that erroneously associated him with criminal offenses of another individual. Compl. ¶¶ 34–38, 40–43. Gonzalez-Torres alleges that his rental applications were denied, the inaccuracy was a "substantial factor" in the denial, and

1 | Zumper did not adequately respond when plaintiff disputed the report. Id. ¶¶ 46–48, 57.

2 | On June 17, 2019, Zumper filed a motion to compel arbitration. Dkt. 24. Zumper argues that plaintiff and Zumper entered into an arbitration agreement when plaintiff created his Zumper account. Plaintiff then filed the present administrative motion.

## DISCUSSION

The Local Rules allow motions for administrative relief concerning "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example." Civ. L.R. 7-11.

Plaintiff's motion raises two issues: (1) whether to extend plaintiff's deadline to file an opposition to defendant's motion to compel and stay other case deadlines; and (2) whether to order discovery before hearing the motion to compel.

### A. Whether to Change Case Deadlines

Plaintiff asks the court to stay initial case deadlines and to extend his deadline to oppose defendant's motion to compel.

First, plaintiff asks the court to stay the deadlines to exchange Rule 26(a) initial disclosures, meet and confer on discovery issues, file a Rule 26(f) report, file a Case Management Statement, and conduct the Case Management Conference. Dkt. 26 at 2–3. He asks that those deadlines be rescheduled only after the court's ruling on Zumper's motion to compel arbitration. Defendant does not oppose this request, and the court finds the request reasonable given the pending motion to compel arbitration. As such, the above-listed deadlines are STAYED, and will be rescheduled as necessary following this court's order on defendant's motion to compel arbitration.

Second, plaintiff asks the court to extend his deadline to oppose defendant's motion to compel arbitration. If the court does not grant discovery, plaintiff seeks an August 15, 2019 deadline. Defendant "does not object to a reasonable extension of time for Gonzalez-Torres to prepare an opposition brief on any legal issues." Dkt. 29 at 5. Defendant proposes an extension limited to one week from the publication of this order.

Plaintiff shall file his opposition to defendant's motion to compel arbitration, if any,

1  on or before August 14, 2019. Defendant's reply brief, if any, shall be filed within seven
2  days of plaintiff's opposition. The hearing on the motion is hereby RESCHEDULED to
3  August 28, 2019.

### B. Whether to Order Discovery

Plaintiff includes a request for discovery in his administrative motion. Plaintiff makes two arguments to support the request. First, he does not recall being presented with the arbitration agreement and wants discovery to determine whether a contract containing an arbitration agreement was ever formed between the parties. Second, he wants discovery to help him explore whether he can assert any state-law defenses to the arbitration agreement to render it unenforceable.

"The FAA provides for discovery and a full trial in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4). "A party seeking to invoke the FAA § 4 must make a prima facie showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement 'in issue.' Once the burden has shifted to plaintiffs, they must 'unequivocally deny' the agreement." Blau v. AT & T Mobility, Case No. 11-cv-00541-CRB, 2012 WL 10546, at *3 (N.D. Cal. Jan. 3, 2012) (internal quotation marks and citations omitted).[1]

First, plaintiff declares that he does "not recall ever being presented with" an agreement containing an arbitration provision, although he does recall being presented with another agreement at some point. Dkt. 26-2 ¶ 2. Notably, plaintiff does not declare that he was never presented with an arbitration agreement. Because he does not recall

---

[1] This order takes no position on the ultimate merits of defendant's motion to compel arbitration or whether in that motion defendant will meet its burden to make a prima facie showing that an agreement to arbitrate exists. If defendant fails to demonstrate such an agreement exists, the motion to compel arbitration will fail on its own terms. If defendant makes the prima facie showing, the burden shifts to plaintiff to unequivocally deny the agreement. Plaintiff's administrative motion asks the court to consider now—separate from the briefing schedule set for defendant's motion—whether to order discovery.

3

reading the arbitration provision, plaintiff argues that there may not have been a "meeting of the minds" with respect to forming an agreement to arbitrate. Mot. at 2. On that basis, plaintiff argues that he is entitled to discovery to refresh his recollection as to whether or not he was presented with an arbitration agreement.

Plaintiff could have raised a plausible argument that an agreement to arbitrate was never formed because he was in fact never presented with such an agreement. But plaintiff does not make that argument. Plaintiff's averment that he does not recall being presented with or reviewing the agreement containing the arbitration provision is not sufficient to order discovery. See, e.g., Blau, 2012 WL 10546, at *3 (denying "request to conduct discovery as to the making of the arbitration agreements" because "Plaintiffs' statements that they 'do not recall' seeing the terms of service at the time they agreed do not rise to the level of unequivocal denials of having agreed to those terms. If a party could get out of a contract by arguing that he did not recall making it, contracts would be meaningless. It is not even relevant if Plaintiffs did not read the agreements before signing them.") (citations omitted); Loewen v. Lyft, Inc., Case No. 15-cv-01159-EDL, 2015 WL 12780465, at *5 (N.D. Cal. June 12, 2015) ("Plaintiffs have not unequivocally denied their assent to the TOS. Therefore they are not entitled to discovery into the making of the arbitration agreements[.]"); see also Cordas v. Uber Techs., Inc., 228 F. Supp. 3d 985, 990 (N.D. Cal. 2017) (even "conclusory allegations that [plaintiff] never received notice of the terms and conditions . . . . raise[d] no *genuine* dispute of any *material* fact, and it is proper to conclude, as a matter of law, that he was on notice of Uber's terms and conditions, and assented to them in signing up for Uber"); Davis v. USA Nutra Labs, 303 F. Supp. 3d 1183, 1192 (D.N.M. 2018) ("the fact that Plaintiff does not remember seeing, or agreeing to, Groupon's Terms of Use is insufficient to create a genuine dispute of material fact.").

Second, plaintiff requests discovery to assist his general exploration of potential state-law contract defenses he may like to raise. Plaintiff does not identify a particular defense that the requested discovery would target, much less what factual issues require

4

discovery to support that defense. The court declines to grant plaintiff's request for early discovery to conduct what would essentially amount to a fishing expedition without even a suggestion of what basis exists in state law to invalidate the contract, or what facts he hopes to find that might help assert such a defense. See, e.g., Loewen, 2015 WL 12780465, at *5 ("Plaintiffs do not explain why they think any portion of the TOS is unconscionable or how this discovery will support such an argument. Without more explanation, and in light of the fact that the parties and the Court are already in possession of the relevant agreements, Plaintiffs are not entitled to discovery on unconscionability.").

## CONCLUSION

Based on the foregoing, plaintiff's request for discovery is DENIED. Plaintiff's request to adjust case deadlines is GRANTED as described in this order. Plaintiff's opposition to defendant's motion to compel arbitration, if any, shall be filed on or before August 14, 2019. Defendant's reply, if any, shall be filed within seven days of plaintiff's opposition. The hearing on defendant's motion to compel arbitration is RESCHEDULED to August 28, 2019.

**IT IS SO ORDERED.**

Dated: July 25, 2019

PHYLLIS J. HAMILTON
United States District Judge