1   JOHN A. SHOPE (admitted *pro hac vice*)
    KEVIN J. CONROY (admitted *pro hac vice*)
2   **FOLEY HOAG LLP**
    155 Seaport Boulevard
3   Boston, MA 02210
    Telephone: (617) 832-1000
4   Facsimile: (617) 832-7000
    jshope@foleyhoag.com
5   kjconroy@foleyhoag.com

6   DAVID M. GOLDSTEIN (State Bar No. 142334)
    DAVID C. BROWNSTEIN (State Bar No. 141929)
7   **FARMER BROWNSTEIN JAEGER & GOLDSTEIN LLP**
    235 Montgomery Street, Suite 835
8   San Francisco, CA 94104
    Telephone: (415) 795-2050
9   Facsimile: (415) 520-5678
    dgoldstein@fbj-law.com
10  dbrownstein@fbj-law.com

11  Attorneys for Defendant
    ZUMPER, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| LUIS ARMANDO GONZALEZ-TORRES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUMPER, INC.,<br><br>Defendant. | **Case No. 4:19-cv-2183-PJH**<br><br>PROPOSED CLASS ACTION<br><br>**DEFENDANT ZUMPER, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rules 3-12 and 7-11, defendant Zumper, Inc. hereby requests that a case just transferred to this District be deemed related to the captioned case and assigned to the Honorable Phyllis J. Hamilton.

Background

On January 28, 2020, the United States District Court for the Eastern District of Virginia transferred a case to this Court. That case, titled *Ernest Melo v. Zumper, Inc. & Trade House Data*, was assigned the case number 3:20-cv-00714 in this Court. The *Melo* case, also a proposed class action, involves the same defendant and substantially similar claims under the federal Fair Credit Reporting Act as the above captioned *Gonzalez-Torres* case, as well as the common defense of arbitrability pursuant to the same terms and conditions and agreement to those terms by use of the same website interface. While the court in the Eastern District of Virginia held that plaintiff Melo agreed to Zumper's terms, including their choice of this venue, and therefore transferred the case to this Court, it did not reach Zumper's further argument that the claim is subject to binding arbitration pursuant to the arbitration clause in the same terms and conditions. Zumper therefore intends to renew its motion to stay pending arbitration, and to add a motion to compel arbitration of the *Melo* case (which it can now make due to the fact that the agreed venue for arbitration, San Francisco, lies within this judicial district).

Argument

I.    The Facts Concerning the Arbitration Defense Are Substantially the Same.

As grounds for the motion, Zumper states more particularly that both cases involve plaintiffs who agreed to Zumper's terms, containing a mandatory arbitration clause. *See* Order Compelling Arbitration and Staying Action, Dkt. No. 40, at 10; Declaration of John Shope ("Shope Decl."), Ex. D at 21 (opinion of Judge Novak granting Zumper's motion to transfer on basis of Mr. Melo's agreement to Zumper's terms). Both plaintiffs agreed to those terms by creating an account after receiving notice that "By creating a Zumper account you indicate your acceptance of our Terms and Conditions and Privacy Policy." Order Compelling Arbitration and Staying Action, Dkt. No. 40, at 9-10; Shope Decl., Ex. D at 21. The account creation website interfaces through which the plaintiffs received that notice were substantially the same (differing only in that one plaintiff encountered the interface on a mobile phone and the other encountered the interface on a computer). *Compare* Declaration of Brian Coyne in Support of Defendant's Motion to Compel

Arbitration and Stay Proceedings, Dkt. No. 24-1 at ¶¶ 10-17, *with* Shope Decl., Ex. B at ¶¶ 10-16 (Affidavit of Brian Coyne filed in *Melo* matter). The plaintiff in the *Melo* case has in fact unsuccessfully relied upon the affidavit filed by Mr. Gonzalez-Torres in the present case with respect to whether he so agreed. *See* Shope Decl., Ex. C at 6, 9, 10. The terms in effect at the time the plaintiffs agreed contained an identical arbitration clause. *Compare* Declaration of Brian Coyne in Support of Defendant's Motion to Compel Arbitration and Stay Proceedings, Dkt. No. 24-1 at ¶ 39, *with* Shope Decl., Ex. B at ¶ 27.

II.     The Underlying Legal and Factual Claims and Proposed Classes Overlap.

While Zumper contends that, like the *Gonzalez-Torres* case, the *Melo* case should proceed to arbitration, it should be noted that the underlying *Melo* and *Gonzalez-Torres* cases involve the same defendant, similar transactions, and similar or identical statutory claims. Both cases have been brought as proposed class actions by users of the Zumper website against Zumper based on alleged inaccuracies in credit and background reports obtained and transmitted by Zumper at the user's request and based on Zumper's allegedly inadequate response to the respective plaintiff's requests for information concerning their consumer files. *Compare* Cmplt., Dkt. No. 1 at ¶¶ 77, 92, *with* Shope Decl., Ex. A at ¶¶ 28, 32 (complaint in *Melo* matter). Both suits allege that Zumper failed to use reasonable procedures to ensure the accuracy of consumer reports and failed to respond properly to requests for consumer files. Each of Melo and Gonzalez-Torres would be a member of a plaintiff class proposed by the other. *See* Cmplt., Dkt. No. 1 at ¶ 69E; Shope Decl., Ex. A at ¶ 33. While the *Melo* case includes a claim against an additional defendant (Zumper's vendor Trade House Data), the claim arises out of the same allegedly inaccurate credit and background report. Shope Decl., Ex. A at ¶¶ 13-19. It should be noted that Trade House Data contends that it is entitled to the benefit of the arbitration clause in Zumper's terms and Mr. Melo has not objected to that contention.

III.     Assignment to a Different Judge Would Require Duplication of Judicial Effort.

Due to the commonalities discussed above, if the *Melo* case were to be conducted before a judge other than Judge Hamilton, there would be an unduly burdensome duplication of labor and

expense and the risk of conflicting results.  This Court has already held that Mr. Gonzalez-Torres is bound by the arbitration clause to which he agreed when he created a Zumper account.  If the *Melo* case were to be assigned to a different judge, that judge would need to duplicate the effort that this Court has already undertaken to familiarize himself or herself with the relevant facts concerning Zumper's website presentation of its terms and the actions a Zumper user such as the plaintiffs take when creating an account, and with the relevant law concerning contract formation on the internet.  At a minimum, assigning the *Melo* case to a judge other than Judge Hamilton would result in duplication of labor and expense by the Court and by the parties.  It would also introduce the risk of conflicting results concerning the enforceability of identical terms encountered and agreed to in nearly identical ways by similarly situated individuals.  Although Zumper contends that the claims are subject to individual arbitration, should it ever be held that they are not so, then consolidation of the cases for purposes of discovery and class certification decision would need to be considered (although consolidation is not necessary at this time).

IV.    Positions of the Other Parties on Relatedness.

By emails of January 30, 2020, the undersigned counsel requested that counsel for Melo, Gonzalez-Torres, and Trade House stipulate to the present motion.  Counsel for Trade House does not oppose the motion. Although he was provided with the docket number and the docket is accessible on PACER, counsel for Gonzalez-Torres responded that he did not know anything about the *Melo* case and for that reason would not stipulate that it was related. Counsel for Melo responded only that the motion was "not necessary" but did not further respond when counsel noted that he had not agreed on the docket to arbitration.  *See* Shope Decl. ¶ 2.

## Conclusion

For the reasons stated above, defendant Zumper, Inc. respectfully requests that the Court determine that the *Gonzalez-Torres* case and the recently transferred *Melo* case are related cases under Local Rule 3-12(a) and that the *Melo* case be reassigned to Judge Hamilton pursuant to Local Rule 3-12(f)(3).

| | | |
|---|---|---|
| DATED: February 4, 2020 | | Respectfully Submitted, |
| | By: | */s/ John A. Shope* |
| | | John A. Shope (admitted pro hac vice) |
| | | Kevin J. Conroy (ad pro hac vice) |
| | | **FOLEY HOAG LLP** |
| | | 155 Seaport Boulevard |
| | | Boston, MA 02210-2600 |
| | | Telephone: (617) 832-1000 |
| | | Facsimile: (617) 832-7000 |
| | | jshope@foleyhoag.com |
| | | kjconroy@foleyhoag.com |

David M. Goldstein (SBN 142334)
David C. Brownstein (SBN 141929)
**FARMER BROWNSTEIN JAEGER & GOLDSTEIN LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 795-2050
Facsimile: (415) 520-5678
dgoldstein@fbj-law.com
dbrownstein@fbj-law.com

Attorneys for Defendant Zumper, Inc.

**Certificate of Service**

On February 4, 2020, I (1) electronically filed a true and correct copy of the foregoing Administrative Motion to Consider Whether Cases Should Be Related, through the Court's CM/ECF system which will send a notice of electronic filing to all parties and (2) served by mail a copy of the foregoing Administrative Motion to Consider Whether Cases Should Be Related on counsel of record for plaintiff and Trade House Data in the *Ernest Melo v. Zumper Inc. & Trade House Data* at the following addresses and provided a courtesy copy of the same to such counsel of record by email:

> Leonard Anthony Bennett
> Consumer Litigation Associates, P.C.
> 12515 Warwick Boulevard, Suite 100
> Newport News, VA 23606
> lenbennett@clalegal.com
>
> Matthew J. Erausquin
> Tara Boen Keller
> Consumer Litigation Associates, P.C.
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> matt@clalegal.com
> tara@clalegal.com
>
> Esther Slater McDonald
> Seyfarth Shaw LLP
> 1075 Peachtree Street, NE
> Suite 2500
> Atlanta, GA 30309
> emcdonald@seyfarth.com

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 4, 2020.

By:   */s/  John A. Shope*